Judge Underwood;
delivered the opiniontof the court.
In 1817, Robert Barnett and Joseph Barnett, bound themselves in writing, to procure a Conveyance from Joseph Barnett, jr. on his arrival at age, to Samuel Hayden for the interest of said J. Barnett, jr. in a tract of seven hundred and sixteen acres of land. Afterwards Hayden sold the land to William Marlow, and assigned him the obligation executed by the Barnetts. One of the notes for the purchase money, was executed by Hayden to Robert Barnett, who assigned it to Joseph Barnett, jr. who assigned it to R. L. Walker, and J. and E. Phipps who sued and obtained judgment upon it.
Hayden then filed his bill against the plaintiff at la-W and the obligors in the bond for a’title alleging in sub-' 'stance, that a paramount claim, in the name of Samuel Oldham, Covered the land which was known to the obligors at the time of the contract and which they fraudulently concealed. The bill refers to a suit in chancery, instituted by Marlow against Hayden, to rescind the contract, and concludes by praying that the judgment -may be injoined that the Barnetts be compelled to exhibit tieir title and convey the same to Marlow, if he ought to be made accept it, but if that cannot be done, that then the Barnetts be compelled t£> settle the dispute in regard to the title,-and then. 'tp *109 convey to Hayden and for general relief. Joseph Barnett the obligor, died pending the progress of the suit, and a bill of revivor was filed against several persons ás his heirs, who were served with process. One these answered (and from the phraseology of his answer, it seems to have been intended for all) disclaiming any knowledge of- the matter set forth in the bill.
Heirs are not responsible amount of estate fébeived by descent;
To bi],, ob_ i;goe in bond for convey 0f tj,e tract, the admimstmtor of °ndEpl'ri£ible party. A decree for rescrcontract restoration of money, should ofthe assets in the hands °[ represen-™'
The bill filed by Hayden and that filed by Marlow, were Consolidated. The- court entered a decree dissolving the contracts and requiring Robert Barnett, and the persons made defendants by the bill of revivor, as the heirs of Joseph Barnett, to pay Haydon several sums of money. The decree is erroneous and inust be reversed. The heirs of .Joseph Barnett were not liable farther than they received estate by discent, It is not even alleged that any estate had descended to them. And yet the decree makes then? personally responsible. But the administrator of Joseph Barnett was an indispensible party. It does not appear that there was no administrator. Hayden should have hvered that fact or ma'de him a party. Upon the rescision of a contract existing bet ween the survivor and ibe representatives of the deceased parly, upon which the survivor is entitled to a decree for the restoration of money, such decree should always be first satisfied out of the assets in the hands of the personal representative, and hence, the necessity of making him a party, It does not appear that Joseph Barnett, jr. from whom the obligors were to procure a title bn his arriving at age,had attained full age. Oldham’s title is not bited. The answer of Thomas Barnett one of the heirs against whom the bill of revivor was filed, is sufficient to prevent the imputed fraud from being taken for confessed. Under these circumstances, the decree might be well questioned upon its merits. But we shall forbear, as it must be reversed, because the administrator of Joseph Barnett deceased was not made ¡a .party.
The decree of the circuit court is reversed and the cause remanded, with directions to allow the complain-an t a'reasonable time to bring the proper parties before fhe court, or upon his failure to do so, then to dismiss *110 bis bill without prejudice; and for such proceedings, not inconsistent with-this opinion as equity may require.
Penny, for plaintiff; Monroe, fot defendants.
The plaintiffs in error must recover their costs.